# SUPPLEMENT TO THE SARATOGA SENTINEL.

PUBLISHED BY WILBUR & RICE, AT $1.00 PER ANNUM.

Vol. IV.]          DECEMBER 3, 1844.          [No. 9.

## COURT OF CHANCERY.

### DECISIONS OF THE CHANCELLOR,
DECEMBER 3, 1844.

*Edward C. Halliday, adm'r, &c.* v. *Jane Cowing et al.* N. NAGLE, for appellant; J. S. SANDFORD, for respondent. Decree appealed from affirmed with costs.

*John P. Crosby, adm'r, &c.* v. *Francis E. Berger et al, Ex'rs, &c.* N. DANE ELLINGWOOD & G. WOOD, for appellants; B. F. BUTLER & J. L. MASON, for respondent Appeal from order of vice chancellor of first circuit allowing an injunction. Order reversed, and injunction dissolved unless complainant amends his bill, if he has not already done so, within forty days, by inserting a charge therein that the testator Balbi died seized or possessed of real or personal estate, or both, of the value of 100,000 francs beyond the amount of his debts. But if the bill has been or shall be amended, then the injunction as granted is to stand until the perfecting of defendant's answer. Costs of defendant upon motion and upon the appeal, to abide the event of the suit.

*The same* v. *The same.* R. LOCKWOOD, appellant, in pro. per.; B. F. BUTLER, for respondent. Appeal from an order of vice chancellor of the first circuit disallowing exceptions to a master's report on exceptions. The chancellor decided that the privilege of an attorney or counsellor, to protect him from answering, only extends to information derived from his client, as such either by oral communications or from books or papers shown him by his client, or placed in his hands in his

*Privileged communications to an attorney or counsellor.*

9

character of attorney or counsel, and that information derived from other persons, or other sources, although it be derived or obtained while acting as attorney or counsel, is not privileged.

Order appealed from affirmed, with costs.

*Mather Williams* v. *Harvey Loomis.* W. HAY, for appellant; J. RHOADES, for respondent. Order appealed from reversed, and petition for leave to amend bill dismissed, but without costs to defendant.

*Jacob Bodine et al.* v. *James Platt et al.* J. RHOADES, for complainants; H. W. WARNER, for H. P. Edwards; F. B. CUTTING, for Johnson and O'Connor; C. A. MANN, for Platt and Mann. Order allowing complainants to proceed upon the appeal bond to collect what is due to them under the decree of the court of errors. But without prejudice to the rights of sureties to recover back from the nominal appellants, or from the solicitor upon the appeal, the amount which they may be compelled to pay in the suit upon the appeal bond. Execution set aside as irregular, but on condition that no suit shall be brought by defendants in consequence of any thing done under it. With liberty to complainants to apply, on notice, for eave to issue a new execution.

*Harriet D. Cruger et al.* v. *Edward C. Halliday, adm'r, &c.* L. H. SANDFORD, for appellant; W. S. JOHNSON, for respondents. **Trustees how discharged.** Decided that a trustee, after he has accepted the office, cannot discharge himself from liability by a subsequent resignation merely. But that he must either be discharged from the trust, by virtue of a special provision in the deed or will which creates the trust, or by the order or deeree of the court of chancery, or with the general consent of all persons interested in the execution of the trust.

**Form of bill by a substituted trustee.** That a party coming into this court claiming a right as a substituted trustee under a will, should distinctly state in his bill, all the material facts to show that such a vacancy had occurred as to authorize his appointment. That in a bill by a trustee appointed under a power of substitution, which power provides two modes for the appointment of a new trustee, it is not sufficient for the complainant to allege, generally,